Russell D. MEALEY, Defendant below,
Appellant,

v.

STATE of Delaware, Plaintiff below,
Appellee.

Supreme Court of Delaware.

Argued Sept. 8, 1975.

Decided Oct. 22, 1975.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for defendant below, appellant.

James S. Green, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, and DUFFY and McNEILLY, Justices.

McNEILLY, Justice:

Defendant appeals from a conviction of rape, arguing the inadmissibility of statements made by him to police, spermatozoa testimony, and the insufficiency of evidence to support a conviction.

## I

■ Defendant argues that his confession is inadmissible, because his mental deficiency and alleged intoxication rendered him incapable of understanding and effectively waiving his *Miranda** rights.

It is well settled that the determination of whether there has been a knowing, voluntary, and intelligent waiver of constitutional rights depends upon the totality of the circumstances surrounding the particular case, including the background, experience and conduct of the accused. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Any particular mental defect or deficiency of the accused is but one factor to be considered. *Culombe v. Connecticut,* 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961); *Fikes v. Alabama,* 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246 (1957). The pertinent facts of this case are as follows:

The victim, a 76 year old woman, was raped by an unidentified assailant in her bedroom at 3:00 A.M. At the scene of the crime, investigating police found two traffic summonses bearing defendant's name, four plastic cigarette lighters and a British coin with a hole in it outside the house. A warrant was obtained for defendant's arrest. He was arrested within 6 hours after the offense and taken immediately to police headquarters for questioning.

The defendant was given a printed form of his constitutional rights and the police read them to him from a copy. As each point was read, defendant was asked "do you understand?"; after each question defendant indicated that he did and wrote "yes" on his copy of the form. When this procedure was completed, defendant signed and dated the form. Thereafter, he confessed that on the previous night, he had burglarized a local store, stealing eight plastic cigarette lighters. He further admitted that he owned a British coin with a

hole in it. These statements were ruled to be voluntary and admissable by the Trial Judge who then submitted the question of voluntariness to the jury as a factual issue.

Medical testimony indicated that while defendant was "borderline defective" and "no higher than dull normal," he could understand the interrogating officers' questions if he were not intoxicated and if each question (as here) was read to him. As for the alleged intoxication, there was some testimony that during the twelve hours preceding the crime, defendant had consumed three six-packs of beer and a fifth of whiskey but defendant's companion on that day testified that he had never seen defendant drunk. The only testimony as to defendant's intoxication at the time of the interrogation, some six hours after the crime occurred, came from the investigating policeman who stated:

> "He was very cooperative as far as, you know, the circumstances. He was—seemed—seemed sort of indifferent; passive, nonetheless cooperative."

"Q. Would you indicate any rambling of conversation that he exhibited that morning, that you observed?

A. No, sir. He wasn't overly talkative. He—like I say, his whole mannerism was that of indifference to the situation.

Q. Would you indicate any apparent incoherency displayed in terms of unresponsive answers?

A. No, sir.

Q. Would you discuss any difficulty in speech that he had in terms of slurring, thick tongue or anything along those lines?

A. No, he didn't appear to be thicktongued to me at all.

---

* *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Q. Would you indicate any balance disturbances that you may have observed that morning?

A. No, sir, none.

Q. Was there anything to lead you to believe that he was under the influence of any intoxicating beverage when you had your conversations with him?

A. No, sir. He appeared to be very sober to me."

Defendant testified that he had been arrested and questioned on prior occasions; that he had been advised on those occasions of his rights to remain silent and to have an attorney; that he understood what was being told him, and voluntarily agreed to cooperate.

There are no allegations of duress, threats, coercion, or that the officers in any way took advantage of defendant's lower than normal mental capacity.

The State need only prove voluntariness by a preponderance of the evidence and not beyond a reasonable doubt. *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L. Ed.2d 618 (1972); *Dickerson v. State,* Del.Supr., 325 A.2d 367 (1974). In light of the totality of the circumstances, we conclude that the evidence was more than sufficient to sustain a finding that defendant effectively waived his court rights, and that the confession was voluntary.

Defendant argues that the jury verdict was against the weight of the evidence with respect to the requisite mental state. We have reviewed the record and find this argument to be without merit.

## II

█ Defendant argues that a vaginal fluid specimen taken from the victim and tested for presence of spermatozoa cells was improperly admitted into evidence because of a "break in the chain of evi-

dence." The break complained of was the doctor's inability to identify the pathology-laboratory technician to whom he gave the specimen after taking it from the victim, thus failing to establish that the specimen tested by the pathologist was the victim's. This argument is without merit and is controlled by *Clough v. State,* Del.Supr., 295 A.2d 729 (1972). If there was error, it was harmless beyond a reasonable doubt *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967); *Day v. State,* Del.Supr., 291 A.2d 286 (1972). The specimen was merely corroborative of the victim's testimony that she had been raped, and the evidence exclusive of the specimen was sufficient to sustain the conviction.

\* \* \*

Affirmed.