**Richard DAVIS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 21, 2002.**

Supreme Court of Delaware.

Submitted: May 21, 2002.
Decided: July 24, 2002.

Brian J. Bartley, Public Defender's Office, Wilmington, Delaware, for appellant.

Timothy J. Donovan, Jr., Department of Justice, Wilmington, Delaware, for appellee.

BEFORE: VEASEY, Chief Justice, HOLLAND and STEELE, Justices.

HOLLAND, J.

Following a bench trial in the Superior Court, the defendant-appellant, Richard Davis ("Davis"), was convicted of Robbery in the First Degree. The trial judge declared Davis to be an habitual offender under title 11, section 4214(a) of the Delaware Code. Davis was sentenced to be incarcerated for twenty years.

In his direct appeal, Davis argues that the trial judge committed two errors in granting his request, pursuant to Superior Court Criminal Rule 23(a), to waive his right to a jury trial. First, Davis argues that the record does not reflect that he made an intelligent waiver of his right to trial by jury. Although Davis acknowledges that his waiver was voluntary, he argues that it was not an intelligent waiver because he did not offer, and the trial judge did not solicit, an "intelligent reason" for departure from trial by jury, especially since Davis' decision was contrary to his counsel's advice. Second, Davis contends that the record does not reflect that the trial judge's approval of his jury trial waiver was an exercise of "sound and advised discretion." [1]

We have concluded that the record reflects that Davis' request to waive his right to trial by jury was intelligent and voluntary. We have also concluded that the trial judge's decision to accept Davis' jury trial waiver constituted a proper exercise of discretion. Therefore, the judgment of the Superior Court must be affirmed.

### Facts

On October 25, 2001, Davis' case was called for trial. Defense counsel informed the trial judge that Davis wanted to waive his right to a jury trial, but that Davis' decision was contrary to counsel's advice. Davis' attorney also stated that Davis had indicated his desire for a bench trial on at least three separate occasions. The trial judge called Davis to testify on the matter. The following colloquy occurred:

THE COURT: Your attorney has indicated that you wish to go non-jury, to have a judge trial—

MR. DAVIS: Yes, ma'am.

THE COURT:—what we call a bench trial. Is that correct?

MR. DAVIS: Yes, ma'am.

THE COURT: Do you understand that you have the right to a trial by jury?

MR. DAVIS: Yes, ma'am.

THE COURT: And you also have the right to waive that trial by jury?

---

1. *Polk v. State*, 567 A.2d 1290, 1295 (Del. 1989) (citing *Young v. State*, 407 A.2d 517, 519 (Del.1979)); *accord Patton v. United States*, 281 U.S. 276, 312–13, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

MR. DAVIS: Yes.

THE COURT: It's your right?

MR. DAVIS: Right.

THE COURT: Now, your attorney has indicated that he's discussed this with you and he disagrees with your choice. Have you had such discussions with him?

MR. DAVIS: Yes, I have.

THE COURT: And you, nevertheless, wish to go forward non-jury—

MR. DAVIS: Right.

THE COURT:—without a jury. Is that correct?

MR. DAVIS: Yes.

Following this colloquy, Davis executed a written waiver of a jury trial that was submitted to and accepted by the trial judge. The "STIPULATION of WAIVER of JURY TRIAL," also signed by Davis' counsel and consented to by the Deputy Attorney General, recited:

> IT IS HEREBY STIPULATED, subject to the Court's approval, that the above Criminal Case be tried by the Court without a jury.... I HAVE READ AND UNDERSTAND THE ABOVE STIPULATION AND HEREBY WAIVE ALL RIGHT TO A JURY TRIAL.

In view of the limited colloquy and Davis' written waiver, the trial judge accepted Davis' waiver of a jury trial. Davis' case proceeded to a bench trial. At trial, Davis did not testify or present any evidence in his own defense.

### Jury Trial Waiver

■ ■ Both the United States and Delaware Constitutions guarantee a criminal defendant the right to trial by jury.[2] "Trial by jury has been established by the Constitution as the 'normal and ... preferable mode of disposing of issues of fact in criminal cases.'"[3] Nevertheless, the United States Supreme Court has stated that "since trial by jury confers burdens as well as benefits, an accused should be permitted to forego its privileges when his competent judgment counsels him that his interests are safer in the keeping of the judge than of the jury."[4] Thus, a criminal defendant may waive his or her right to a jury trial.[5]

A defendant, however, is not constitutionally guaranteed the right to waive a trial by jury.[6] In *Patton v. United States*,[7] the United States Supreme Court conditioned a criminal defendant's jury trial waiver as follows:

> [T]he maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our

**2.** U.S. Const. art. III, § 2; U.S. Const. amend. VI; Del. Const. art. I, § 7; *Duncan v. Louisiana*, 391 U.S. 145, 148–58, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Deshields v. State*, 706 A.2d 502, 508 (Del.1998). *See generally* Albert W. Alschuler & Andrew G. Deiss, *A Brief History of the Criminal Jury in the United States*, 61 U.Chi.L.Rev. 867 (1994).

**3.** *Singer v. United States*, 380 U.S. 24, 35, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965) (citing *Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930)).

**4.** *Adams v. United States ex rel. McCann*, 317 U.S. 269, 278, 63 S.Ct. 236, 87 L.Ed. 268

(1942), *quoted in Deshields v. State*, 706 A.2d at 508.

**5.** *Deshields v. State*, 706 A.2d at 508; *accord Adams v. United States ex rel. McCann*, 317 U.S. at 277–78, 63 S.Ct. 236; *Patton v. United States*, 281 U.S. at 312–13, 50 S.Ct. 253.

**6.** *Polk v. State*, 567 A.2d 1290, 1294 (Del. 1989); *see Singer v. United States*, 380 U.S. at 34–35, 85 S.Ct. 783.

**7.** *Patton v. United States*, 281 U.S. at 276, 50 S.Ct. 253.

traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant.[8]

In *Adams v. United States ex rel. McCann*,[9] the United States Supreme Court reaffirmed its holding in *Patton:*

[O]ne charged with a serious federal crime may dispense with his Constitutional right to jury trial, where this action is taken with his express, intelligent consent, where the Government also consents, and where such action is approved by the responsible judgment of the trial court.[10]

The common-law requirements set forth in *Patton* and reaffirmed in *Adams* were incorporated into Federal Rule of Criminal Procedure 23(a).[11]

■ Delaware embodied the same requirements in Superior Court Criminal Rule 23(a), which is virtually identical to the federal rule.[12] Specifically, Superior Court Criminal Rule 23(a) states: "[c]ases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the state." Under Superior Court Criminal Rule 23(a), a defendant in a criminal case is allowed to waive his or her constitutionally protected right to a jury trial when he or she "makes an intelligent and voluntary waiver in writing."[13] That waiver becomes effective only when the defendant receives both "the approval of the court and the consent of the State."[14]

## *"Intelligent and Voluntary" Waiver*

■ For a defendant to waive his or her right to a jury trial under Superior Court Criminal Rule 23(a), the defendant must make an "intelligent and voluntary waiver in writing."[15] Generally, the waiver of a constitutional right will be intelligent and voluntary if the defendant is aware of the right in question and the likely consequences of deciding to forego that right.[16] The determination of whether there has been an intelligent and voluntary waiver depends upon the "totality of

8. *Id.* at 312, 50 S.Ct. 253.

9. *Adams v. United States ex rel. McCann*, 317 U.S. at 269, 63 S.Ct. 236.

10. *Id.* at 277–78, 63 S.Ct. 236, *quoted in Singer v. United States*, 380 U.S. at 34, 85 S.Ct. 783.

11. *See Polk v. State*, 567 A.2d at 1294. In *Singer v. United States*, the United States Supreme Court held that Federal Rule of Criminal Procedure 23(a) was constitutionally valid. *Singer v. United States*, 380 U.S. at 37, 85 S.Ct. 783; *Polk v. State*, 567 A.2d at 1294.

12. *Polk v. State*, 567 A.2d at 1294; *accord Deshields v. State*, 706 A.2d at 509. In *Longoria v. State*, the Delaware Supreme Court upheld the constitutionality of Superior Court Criminal Rule 23(a). *Longoria v. State*, 168 A.2d 695, 697–98 (Del.1961); *accord Young v. State*, 407 A.2d 517, 519 (Del.1979).

13. *Polk v. State*, 567 A.2d at 1295.

14. *Id.* at 1295; *see also Adams v. United States ex rel. McCann*, 317 U.S. at 277–78, 63 S.Ct. 236; *Patton v. United States*, 281 U.S. at 312, 50 S.Ct. 253.

15. *Polk v. State*, 567 A.2d 1290, 1295 (Del. 1989); *accord Singer v. United States*, 380 U.S. 24, 34, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); *Adams v. United States ex rel. McCann*, 317 U.S. 269, 277–78, 63 S.Ct. 236, 87 L.Ed. 268 (1942); *Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930); *see Schneckloth v. Bustamonte*, 412 U.S. 218, 237, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

16. *See Lewis v. State*, 757 A.2d 709, 714–15 (Del.2000) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

the circumstances surrounding the particular case, including the background, experience and conduct of the accused." [17] Ultimately, the validity of the defendant's waiver turns on "the unique circumstances of each case." [18]

■ A defendant bears the burden of proving that he or she did not exercise a valid waiver of his or her right to trial by jury.[19] The defendant sustains that burden "not as a matter of speculation but as a demonstrable reality." [20] In this case, the record reflects that the trial judge conducted a limited colloquy with Davis in which Davis testified that: he understood his right to a jury trial, he understood his right to waiver, and he discussed waiver with his attorney on at least three separate occasions. Following that colloquy, Davis signed a form of waiver in open court.

Davis has not suggested or contended that such acts of waiver were unintentional or without actual knowledge of his right to a jury trial. Further, he has not asserted that his acts were made when he was "incompetent to execute a waiver, that his decision was induced by coercion or promises, or that he did not appreciate the gravity of the offense charged." [21] Davis' primary contention is that, in assessing whether his waiver was intelligent, the trial judge was required under Superior Court Criminal Rule 23(a) to engage in an expanded colloquy with Davis to ascertain an "intelligent reason" for his waiver request.

### Jury Trial Waiver—Colloquy Preferred

Superior Court Criminal Rule 23(a) requires that the right to trial by jury be waived explicitly *in writing*.[22] No reference is made to an oral colloquy between the trial court and the defendant.[23] Nonetheless, the trial judge will usually conduct, on the record, a colloquy with the defendant "to ascertain whether [he or she] fully understands the nature of the right being relinquished and the implications of that decision." [24]

This Court has not addressed whether a colloquy, in addition to a written waiver, is required for a valid jury trial waiver. The majority of the United States Courts of Appeals, however, have determined that a colloquy is preferable to the mere acceptance of a written waiver alone.[25] Those

**17.** *Mealey v.State*, 347 A.2d 651, 652 (Del. 1975) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).

**18.** *Adams v. United States ex rel. McCann*, 317 U.S. at 278, 63 S.Ct. 236.

**19.** *Id.* at 281, 63 S.Ct. 236; *United States v. Libretti*, 38 F.3d 523, 530 (10th Cir.1994), *aff'd*, 516 U.S. 29, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995); *United States v. Robinson*, 8 F.3d 418, 422 (7th Cir.1993).

**20.** *Adams v. United States ex rel. McCann*, 317 U.S. at 281, 63 S.Ct. 236.

**21.** *United States v. Mitchell*, 427 F.2d 1280, 1281–82 (3d Cir.1970) (citations omitted).

**22.** *See United States v. Anderson*, 704 F.2d 117, 118 (3d Cir.1983) (discussing whether Federal Rule of Criminal Procedure 23(a), which is virtually identical to Delaware Superior Court Criminal Rule 23(a), requires a trial judge to conduct a colloquy with the defendant before accepting a written waiver of his or her right to a jury trial).

**23.** *Id.*

**24.** *Id.* at 118–19.

**25.** *See, e.g., Fitzgerald v. Withrow*, 292 F.3d 500, 503–06 (6th Cir.2002); *Lott v. Coyle*, 261 F.3d 594, 615 (6th Cir.2001); *Cabberiza v. Moore*, 217 F.3d 1329, 1333–34 (11th Cir. 2000); *United States v. Duarte–Higareda*, 113 F.3d 1000, 1002–03 (9th Cir.1997); *United States v. Robertson*, 45 F.3d 1423, 1431–32 (10th Cir.1995); *Marone v. United States*, 10 F.3d 65, 67–68 (2d Cir.1993); *United States v. Sammons*, 918 F.2d 592, 596–97 (6th Cir. 1990); *United States v. Cochran*, 770 F.2d

federal courts have concluded that a colloquy serves three purposes: "(1) it more effectively insures voluntary, knowing and intelligent waivers; (2) it promotes judicial economy by avoiding challenges to the validity of waivers on appeal (as in this case) or in habeas proceedings; and (3) it emphasizes to the defendant the seriousness of the decision."[26]

■ We find that tripartite reasoning by the majority of the federal appellate courts to be persuasive. Accordingly, we have also concluded that a colloquy is preferable to the mere acceptance of a defendant's written jury trial waiver. In the future, Delaware trial judges should conduct a colloquy with the defendant, in addition to accepting his or her written waiver of the right to a jury trial. Such colloquies should ascertain that the defendant understands the nature of the jury trial right that he or she is waiving, but without jeopardizing other fundamental rights ensured to a defendant in a criminal proceeding.

■ Therefore, in any jury trial waiver colloquy, the trial judge must carefully limit the nature of such an exchange. The purpose of engaging in a colloquy is to ensure that the defendant understands the nature of the right to trial by jury that is being relinquished and the implications of that decision;[27] not, as suggested by Davis, to ascertain the underlying objectives for the defendant's decision to forego a trial by jury. Otherwise, a trial judge's interrogation could impermissibly implicate, *inter alia*, the defendant's Fifth Amendment right to remain silent,[28] Sixth Amendment right to an impartial jury,[29] or the Delaware Lawyers' Rule of Professional Conduct 1.2(a).[30]

■ Accordingly, it will remain in the discretion of the trial judge to employ the means most appropriate in a particular case to ascertain on the record in a colloquy that the defendant understands "the fundamental attributes of a jury trial before accepting a waiver."[31] That colloquy should serve to inform the defendant of the nature of the right to a jury trial and

---

850, 851–52 (9th Cir.1985); *United States v. Anderson*, 704 F.2d at 118–19; *United States v. Strother*, 578 F.2d 397, 404–05 (D.C.Cir. 1978); *United States v. Hunt*, 413 F.2d 983, 984 (4th Cir.1969).

**26.** *United States v. Cochran*, 770 F.2d at 852 (citations omitted); *accord United States v. Anderson*, 704 F.2d at 119; *United States v. Hunt*, 413 F.2d at 984.

**27.** *See United States v. Anderson*, 704 F.2d at 119 (citing *Singer v. United States*, 380 U.S. 24, 34, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965)).

**28.** *See Jackson v. State*, 643 A.2d 1360, 1378–80 (Del.1994).

**29.** *See generally Singer v. United States*, 380 U.S. at 36, 85 S.Ct. 783 ("A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury."); *Flonnory v. State*, 778 A.2d 1044, 1052–53 (Del. 2001) (discussing the right of a defendant in a

criminal case to have his or her case brought before an impartial jury).

**30.** The Delaware Lawyers' Rule of Professional Conduct 1.2(a) states, in part, the following: "[i]n a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify." *See Bradshaw v. State*, 2002 WL 1316238 at *4, 2002 Del. LEXIS 394, at *18–20 (Del.Supr.) (describing the decision to waive a jury trial as a defendant's fundamental right in a criminal case).

**31.** *Marone v. United States*, 10 F.3d at 67. In determining whether an accused made an "intelligent, competent, self-protecting waiver," the United States Supreme Court has stated that determination "must depend upon the unique circumstances of each case." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 278, 63 S.Ct. 236, 87 L.Ed. 268 (1942).

the implications of waiving that right. At a minimum, the trial judge should engage in an exchange with the defendant similar to the colloquy set forth by the Seventh Circuit:

> [The trial courts] should explain that a jury is composed of twelve members of the community, that the defendant may participate in the selection of jurors, and that the verdict of the jury is unanimous. The court should inform the defendant that if he [or she] waives a jury, the judge alone will decide guilt or innocence. After informing the defendant of these factors, the trial court should then ascertain whether the defendant wishes to waive his [or her] right to a jury trial.[32]

One of the best practices is reflected in the jury trial waiver colloquy set forth in the Federal Judicial Center's *Benchbook for U.S. District Court Judges*.[33] We have attached that colloquy as an appendix to this opinion.

### Discretion Properly Exercised

■▆▆▆▆ Superior Court Criminal Rule 23(a) conditions the effectiveness of a defendant's waiver on the approval of the trial court.[34] Whether to accept or deny a defendant's waiver of a trial by jury is within the trial judge's discretion.[35] The trial judge's decision is reviewed by this Court for an abuse of discretion.[36] This Court has held that "in exercising his [or her] discretion over a motion to waive a jury trial, a trial judge must 'avoid unreasonable or undue departure from that mode of trial [trial by jury], ... and with a caution increasing in degree as the offenses dealt with increase in gravity.' "[37] Thus, the duty of the trial judge in approving or denying defendant's motion to waive trial by jury is to decide the motion with "sound and advised discretion."[38]

■▆▆▆▆ Superior Court Criminal Rule 23(a) requires a written statement of waiver of a jury trial. In Davis' case, however, the trial judge conducted a limited colloquy to ascertain the validity of Davis' waiver, in addition to having Davis execute a written waiver. Although the trial judge engaged in what we have now held to be the preferred practice of conducting a colloquy, she was under no obligation to interrogate Davis to elicit a specific reason for his decision to waive his right to a jury trial. As we noted earlier in this opinion, attempting to elicit a specific reason that was not volunteered by Davis could have impermissibly infringed upon one or more of Davis' other fundamental rights, e.g., his Fifth Amendment right to remain silent or his right to communicate with his attorney in confidence. In fact, after Davis' jury

---

**32.** *United States v. Rodriguez,* 888 F.2d 519, 527 (7th Cir.1989) (addressing the ramifications of failing to comply with the Seventh Circuit's supervisory rule requiring a colloquy between the trial judge and the defendant); *see also United States v. Cochran,* 770 F.2d at 853 (encouraging a similar interrogation to ascertain whether a defendant's waiver is voluntarily, knowingly and intelligently made); *Marone v. United States,* 10 F.3d at 68 (urging at minimum a similar interrogation).

**33.** Federal Judicial Center, *Benchbook for U.S. District Court Judges* § 1.09 (4th ed.1996, rev.Mar.2000) (setting forth a suggested colloquy for district court judges).

**34.** *Polk v. State,* 567 A.2d 1290, 1295 (Del. 1989).

**35.** *Deshields v. State,* 706 A.2d 502, 509 (Del. 1998); *Polk v. State,* 567 A.2d at 1295.

**36.** *Id.*

**37.** *Deshields v. State,* 706 A.2d at 509 (quoting *Polk v. State,* 567 A.2d at 1295).

**38.** *Polk v. State,* 567 A.2d at 1295 (citing *Young v. State,* 407 A.2d 517, 519 (Del.1979)); *accord Patton v. United States,* 281 U.S. 276, 312–13, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

trial waiver was accepted, he exercised his Fifth Amendment right and did not testify at trial.

Davis asserts on appeal that his waiver should not have been accepted because it was contrary to his attorney's advice. The United States Supreme Court has held that "[t]here is nothing in the Constitution to prevent an accused from choosing to have his fate tried before a judge without a jury even though, in deciding what is best for himself, he follows the guidance of his own wisdom and not that of a lawyer." [39] The record reflects that Davis repeatedly told his attorney that he wanted to waive his right to a jury trial. The Delaware Lawyers' Rule of Professional Conduct 1.2(a) requires an attorney to abide by a client's decision to waive trial by jury. [40] During the colloquy with the trial judge, Davis confirmed he wanted to waive his right to a trial by jury despite his counsel's advice to the contrary.

■ Davis has failed to demonstrate that the waiver of his right to a trial by jury was anything other than intelligent and voluntary. The record reflects that Davis testified that his decision was contrary to the advice of his attorney, that he understood the nature of the right to a jury trial and that he wanted to waive that right. Accordingly, the trial judge properly exercised her discretion in accepting Davis' request to waive his right to a trial by jury.

### Conclusion

The judgment of the Superior Court is affirmed.

39. *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268 (1942).

### APPENDIX

Federal Judicial Center

*Benchbook for U.S. District Court Judges*

**1.09 Waiver of jury trial (suggested procedures, questions, and statements)**

**Introductory note**

Trial by jury is a fundamental constitutional right, and waiver of the right to a jury trial should be accepted by a trial judge only when three requirements are satisfied:

1. the procedures of Fed.R.Crim.P. 23(a) have been followed;

2. the waiver is knowing and voluntary; and

3. the defendant is competent to waive a constitutional right.

Fed.R.Crim.P. 23(a) requires that the accused's waiver of the right to trial by jury be:

1. made in writing;

2. approved by the court; and

3. consented to by the government.

Following this rule alone does not satisfy the requirement that the waiver be knowing and voluntary, however.

The trial judge should ascertain on the record:

1. whether the accused understands that he or she has a right to be tried by jury;

2. whether the accused understands the difference between a jury trial and a nonjury trial; and

3. whether the accused has been made to understand the advantages and disadvantages of a jury trial.

40. *See Bradshaw v. State*, 2002 WL 1316238 at *4, 2002 Del. LEXIS 394, at *18–20 (Del. Supr.).

A defendant's mental capacity to waive a jury trial must be considered in approving the waiver. A defendant is not competent to waive a constitutional right if mental incapacity or illness substantially impairs his or her ability to make a reasoned choice among the alternatives presented and to understand the nature and consequences of the waiver.

When information available from any source presents a question as to defendant's competence to waive a jury trial, sua sponte inquiry into that competence must be made.

In any psychiatric examination ordered under the inherent power of the court or under 18 U.S.C. § 4241, the examining psychiatrist should be directed to give an opinion on defendant's competence to make an intelligent waiver. Whenever any question as to defendant's competence arises, a specific finding of competence or incompetence should be made.

Finally, if any doubt of competence exists, order a jury trial.

### Suggested Procedures and Questions

A. Preliminary questions for defendant

1. The court is informed that you desire to waive your right to a jury trial. Is that correct?

2. Before accepting your waiver to a jury trial, there are a number of questions I will ask you to ensure that it is a valid waiver. If you do not understand any of the questions or at any time wish to interrupt the proceeding to consult further with your attorney, please say so, since it is essential to a valid waiver that you understand each question before you answer. Do you understand?

3. What is your full true name?

4. How old are you?

5. How far did you go in school?
[If you are not sure defendant understands English, ask:]

6. Are you able to speak and understand English?
[Ask defense counsel if counsel has been able to communicate with defendant in English. If you doubt defendant's capacity to understand English, use a certified interpreter. See 18 U.S.C. § 1827.]

7. What is your employment background?

8. Have you taken any drugs, medicine, or pills, or drunk any alcoholic beverage in the past twenty-four hours?

9. Do you understand that you are entitled to a trial by jury on the charges filed against you?

10. Do you understand that a jury trial means that you will be tried by a jury consisting of twelve people and that all of the jurors must agree to the verdict?

11. Do you understand that you have the right to participate in the selection of the jury?

12. Do you understand that if I approve your waiver of a jury trial, the court will try the case and determine your innocence or guilt?

13. Have you discussed with your attorney your right to a jury trial?

14. Have you discussed with your attorney the advantages and disadvantages of a jury trial? Do you want to discuss this issue further with your attorney?

B. Questions for counsel

In determining whether the accused has made a "knowing and voluntary" waiver and is competent to waive, the judge should question both defense counsel and the prosecutor.

1. Ask defense counsel

1. Have you discussed with the defendant the advantages and disadvantages of a jury trial?

2. Do you have any doubt that the defendant is making a "knowing and voluntary" waiver of the right to a jury trial?

3. Has anything come to your attention suggesting that the defendant may not be competent to waive a jury trial?

2. Ask the prosecutor:

Has anything come to your attention suggesting that the defendant may not be competent to waive a jury trial?

C. Form of waiver and oral finding

1. A written waiver of a jury trial must be signed by defendant, approved by defendant's attorney, consented to by the government, and approved by the court.

2. It is suggested that the judge state orally:

This court finds that the defendant has knowingly and voluntarily waived his [her] right to a jury trial, and I approve that waiver.

3. An appropriate written waiver of jury trial may take the form shown on the next page.

**Other FJC sources**

Donald S. Voorhees, Manual on Recurring problems in Criminal Trials 9–10 (4th ed.1996).