**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,            )
                                   )
                                   )
                                   )
          v.                  )        Cr.A.No. 1312011420
                                   )
GREGG RICHARDSON,        )
                                   )
        Defendant.        )
                                   )

Submitted: September 22, 2015
Decided: November 20, 2015

Timothy Maguire, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
*Attorney for the State of Delaware*

John R. Garey, Esquire
John R. Garey, P.A.
48 The Green
Dover, DE 19901
*Attorney for Defendant*

**DECISION ON REMAND**
**FROM THE SUPERIOR COURT OF DELAWARE**

This matter is back before the Court on remand from the Superior Court to consider whether Gregg Richardson ("Defendant") waived his right to a trial by jury knowingly, intelligently, and voluntarily. This Court held a hearing on October 27, 2015, and heard testimony from Defendant and Kevin O'Neill, Esq. ("Mr. O'Neill"), Defendant's former counsel. At the hearing, Defendant acknowledged that his waiver was made voluntarily, however, whether Defendant waived his right to a trial by jury intelligently and with knowledge was still at issue. At the conclusion of the hearing, the Court ordered the parties to submit supplemental briefing on the issue. The Court is in receipt of the briefing, and has reviewed both parties' arguments. This is the Court's Decision in accordance with the Order of the Superior Court.

## FACTUAL AND PROCEDURAL HISTORY

On December 18, 2013, Defendant was arrested and charged with Resisting Arrest, in violation of 11 *Del. C.* § 1257(b). On March 21, 2014, at arraignment, Defendant appeared *pro se*, pleaded not guilty and demanded a trial by jury. Defendant subsequently retained Mr. O'Neill.

On May 26, 2014, Mr. O'Neill sent an email to the State indicating that Defendant wanted to waive his right to a trial by jury and have the matter proceed as a non-jury trial.[1] The State responded on May 27, 2014, and stated that it did not oppose Defendant's request.

On June 9, 2014, Mr. O'Neill filed a letter with the Court and requested that the case be designated as a non-jury trial (the "June 9th letter"). Attached to the letter was a Rule 10-C Form, executed by Mr. O'Neill. The Clerk of the Court docketed the June 9th letter and the 10-C Form on June 11, 2014, however, based on the record, it does not appear that the letter was ever delivered to a Judge for approval.

On July 7, 2014, the day of trial, Defendant and Mr. O'Neill executed a Waiver of Trial By Jury (the "written waiver"), which was submitted to the Clerk. While the parties notified the Court of Defendant's request to have a non-jury trial, the written waiver was not addressed by the Court on the record. Prior to trial, Defendant moved to suppress certain evidence, challenging the legality of the arrest. The Court held a suppression hearing prior to trial, reserved its decision, and pursuant to the parties' stipulation, all non-hearsay testimony from the hearing was admitted into as evidence for trial. The Court then took the matter under advisement. In the Court's written decision, the Court denied Defendant's motion to suppress, and found Defendant guilty.

---

[1] *See* State's Ex. 1.

2

On November 17, 2014, Defendant appealed this Court's decision to Superior Court. On appeal, Defendant challenges, *inter alia*, the validity of his written waiver of his right to a jury trial. After the parties submitted their briefs, the Superior Court held oral argument and ordered the parties to submit supplemental memoranda on the issue of whether Defendant's written waiver was valid. In a written decision dated September 22, 2015, Superior Court remanded the matter back to this Court "to determine whether [Defendant's] purported waiver of trial by jury was made intelligently and voluntarily with knowledge of the right being waived and the consequences of waiving that right."[2]

On October 27, 2015, this Court held a hearing on the jury trial waiver issue. First, the Court heard testimony from Mr. O'Neill. While testifying, Mr. O'Neill described the email correspondence that he had with the State regarding Defendant's request to waive his right to a trial by jury.[3] He also described the conversation he had with Defendant when discussing whether Defendant should waive his right to a jury trial. Mr. O'Neill explained that normally such a conversation would take approximately thirty seconds, but in this instance, it lasted longer because Defendant asked thoughtful questions, which Mr. O'Neill answered. Mr. O'Neill found Defendant to be "exceedingly thoughtful" and compliant, and indicated that Defendant engaged in a meaningful conversation with him. Mr. O'Neill explained to Defendant that it was his preference to waive to the bench because of "the exceptional nature of the judges" and the type of criminal charges that Defendant faced. Mr. O'Neill further testified that he would not have proceeded in this matter unless he was fully satisfied that Defendant was waiving his right knowingly and voluntarily.

---

[2] *Gregg Richardson v. State*, 2015 WL 5601959, at *3 (Del. Super. Sept. 22, 2015).
[3] State's Ex. 1.

3

The Court also heard testimony from Defendant. Defendant recalled having a conversation about waiving his right to a jury trial with Mr. O'Neill, and remembered some of the advice Mr. O'Neill provided him with respect to waiving his right. Defendant testified that he had expressed his desire to have a jury trial to Mr. O'Neill, but ultimately decided to agree to waive his right because it was Mr. O'Neill's practice to waive to the bench when appearing in this Court. Defendant never told Mr. O'Neill that he did not want to have a bench trial, nor did he tell Mr. O'Neill that he wanted to have a jury trial.

At the conclusion of the hearing, Defendant—by way of counsel—acknowledged that his waiver was made voluntarily, however, whether he knowingly and intelligently waived his right to a trial by jury was still at issue. The Court acknowledged that the record was void of any evidence that a Judicial Officer approved the waiver, and ordered the parties to address this issue in supplemental briefing.

## PARTIES' CONTENTIONS

The State contends that Defendant's waiver of his right to a trial by jury was made knowingly, intelligently, and voluntarily. The State argues that the Court complied with *Court of Common Pleas Criminal Rule 23(a)* since the State consented to Defendant's request to waive his right to a jury trial, and the Court was "on notice" of Defendant's request prior to proceeding with trial. Therefore, the State claims that the Court's acquiescence and knowledge of the request was sufficient to satisfy the requirements of *Rule 23(a)*.

Defendant contends that his waiver of his right to a trial by jury was neither intelligently made nor properly accepted by the Court. Defendant highlighted the fact that the record was void of any evidence that the Court approved Defendant's waiver, and argued that without the

4

Court engaging in any direct inquiry as to whether Defendant's decision to waive his right was made voluntarily, intelligently, and knowingly, the waiver was not effective under *Rule 23(a)*.

## DISCUSSION

Under 11 *Del. C.* § 5301(a), a criminal defendant in this Court has the right to a petit jury except as otherwise provided by statute. *Court of Common Pleas Criminal Rule 23(a)* further provided that matters required to be tried by a jury "shall be so tried unless the defendant waives a jury trial in writing with the approval of the Court and the consent of the State."[4] When a defendant elects to waive his right to a trial by jury, he must "'make[] an intelligent and voluntary waiver in writing.'"[5] A written waiver of a constitutional right will be intelligent and voluntary so long as the defendant "is aware of the right in question and the likely consequences of deciding to forego that right."[6] In determining whether a defendant has intelligently and voluntarily waived his constitutional right to a trial by jury, the Court considers the "'totality of the circumstances surrounding the particular case, including the background, experience and conduct of the accused.'"[7] The waiver becomes effective "only when the defendant received both 'the approval of the court and the consent of the State.'"[8]

Based on testimony presented at the hearing, the Court finds that Defendant's waiver of his right to a trial by jury was made intelligently and with knowledge. As an Officer of the Court, Mr. O'Neill testified that he believed that Defendant fully understood what rights Defendant was waiving based on the fact that he engaged in a meaningful and "exceedingly thoughtful" conversation with Mr. O'Neill when they discussed waiving his right to a jury trial.

---

[4] Ct. Com. Pl. Crim. R. 23(a).
[5] *Davis v. State*, 809 A.2d 565, 569 (Del. 2002) (quoting *Polk v. State*, 567 A.2d 1290, 1295 (Del. 1989)).
[6] *Id.* (citing *Lewis v. State*, 757 A.2d 709, 714–15 (Del.2000) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970))).
[7] *Id.* at 570 (quoting *Mealey v.State*, 347 A.2d 651, 652 (Del.1975) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))).
[8] *Id.* at 569 (quoting *Polk*, 567 A.2d at 1295).

5

Moreover, Mr. O'Neill testified that he would not have proceeded in this matter unless he was fully satisfied that Defendant was waiving his right knowingly and voluntarily. Defendant himself acknowledged having this conversation, but recalled minimal details of the conversation. Nevertheless, it is clear Defendant was informed and followed the advice of counsel. Despite this finding, however, in reviewing the record, it appears that this waiver was not effective in accordance with the rules of this Court.

In this case, there is no indication that the Court approved Defendant's written waiver. The Court may have acknowledged Defendant's request to waive his right to a trial by jury, but a mere acknowledgment does not equate to approval, as required by *Rule 23(a)*. Although the State consented to the waiver by way of email, Defendant's written request—despite being docketed—was not forwarded to a judge for approval, just as the written waiver was not approved by the Court. Although the record reflects that the parties notified the Court of Defendant's request to have a non-jury trial during the initial call of the calendar, the Court did not actually address the waiver. In fact, the Court indicated that when the parties were ready to proceed to trial, the Court would address the waiver issue.[9] Nevertheless, the Court failed to address the issue at any subsequent proceeding. Therefore, the Court failed to follow *Rule 23(a)*.

As the Court failed to follow its own rule, the waiver should not be considered to have been entered. Accordingly, the Court is of the opinion that the Superior Court should remand the case to this Court for a trial by jury.

Carl C. Danberg,
Judge

---

[9] *State v. Gregg Richardson*, Cr. A. No. 1312011420, at 4:8–9 (Ct. Com. Pl. July 7, 2014) (TRANSCRIPT).

6