# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | ID No. 1011006903A |
| | ) | |
| JAMES HALL | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**Submitted:** October 2, 2015
**Decided:** January 19, 2016

*Upon Defendant's Motion for Postconviction Relief,* **SUMMARILY DISMISSED**.
*Upon Conflict Counsel's Motion to Withdraw*, **GRANTED**.

Matthew Frawley, Esquire, Deputy Attorney General, Department of Justice, Carvel State Building, 820 N. French Street, 7th Floor, Wilmington, DE 19801

James Hall, Wilmington, DE, *pro se*, SBI No. 531531, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 199777

**BRADY, J.**

<u>**I. INTRODUCTION AND PROCEDURAL HISTORY**</u>

Before the Court is a Motion for Postconviction Relief filed pursuant to Superior Court Criminal Rule 61 ("Rule 61") filed by James Hall ("Defendant") on April 21, 2014. On August 2, 2011, a jury trial was conducted and Defendant was found guilty of Assault in the First Degree and Possession of a Firearm During the Commission of a Felony.[1] Before trial, Defendant waived his right to a jury trial on two counts of Possession of a Firearm by a Person Prohibited ("PFBPP") and at sentencing on March 16, 2012, the Court found Defendant guilty of these two charges.[2]

On April 9, 2012, Defendant filed a direct appeal to the Delaware Supreme Court from his conviction and sentence.[3] Defendant alleged that the Court erred by admitting evidence of his nickname, "Nasty Nate" and by allowing Defendant to be described as "Nasty Nate" at his jury trial.[4] Defendant argued that his nickname improperly suggested that he possessed a criminal disposition.[5]On March 12, 2013, the Delaware Supreme Court affirmed Defendant's convictions, finding that Defendant was not prejudiced by reference to his alleged nickname and that it did not suggest to the jury that Defendant possessed a criminal propensity.[6]

On April 21, 2014, Defendant filed a Motion for Postconviction Relief alleging that his trial counsel was ineffective for: (1) advising Defendant to waive his right to a jury trial on the PFBPP charges; (2) for failing to interview or call witnesses at trial; (3) for failing to present evidence that closed circuit cameras at the scene would show that the shooting never took place; (4) for failing to prepare for trial; and (5) for not allowing Defendant to testify on his own behalf

---

[1] Jury Trial, *State v. Hall*, No. 1011006903A, Docket No. 40 (Aug. 4, 2011).
[2] Sentencing, *State v. Hall*, No. 1011006903A, Docket No. 53 (March 16, 2012).
[3]*See* Letter, *State v. Hall*, No. 1011006903A, Docket No. 55 (April 9, 2012).
[4]*Hall v. State*, 2013 WL 992550, at *1 (Del. March 12, 2013).
[5]*Id.*
[6]*See* Mandate, *State v. Hall*, No. 1011006903A, Docket No. 61 (April 2, 2013).

2

at trial.[7]  Defendant's last allegation is that there was prosecutorial misconduct at trial, specifically, the prosecutor improperly vouched for the evidence.[8]

On June 30, 2014, this Court ordered the Office of Conflict Counsel to appoint counsel to represent Defendant in his Motion for Postconviction Relief and John Barber, Esquire, ("Conflict Counsel") was appointed to represent Defendant.[9]  On November 19, 2014, Conflict Counsel filed a Motion to Withdraw as Counsel[10] and on December 12, 2014, Defendant responded to Conflict Counsel's motion.[11]  On May 4, 2015, the State responded to Defendant's Motion for Postconviction Relief and Conflict Counsel's Motion to Withdraw.[12]  On August 28, 2015, this Court notified Defendant that he had until October 2, 2015, to file any additional submissions.[13]  On October 2, 2015, the Defendant submitted a reply to the State's Response.[14]

## II. FACTS

Defendant was charged in relation to two incidents that occurred two days apart.  On November 6, 2010, it was alleged that Defendant attempted to rob Alex Bush ("Bush") at gunpoint as Bush existed a residence he was visiting.  Bust struggled with Defendant and Defendant's gun was discharged.  Bush was unharmed and then fled the scene.  On November 8, 2010, Bush was walking in the area of Pleasant Street in Wilmington, Delaware, when he saw Defendant.  After Defendant saw Bush, he drew a handgun and shot Bush in the ankle as Bush tried to flee.  Bush initially provided police with Defendant's nickname, "Nasty Nate" and later identified Defendant from a photographic lineup.  At the time of both incidents, Defendant was a

---

[7]Def.'s Mot. forPostconviction Relief, *State v. Hall*, No. 1011006903A, Docket No. 67 (April 21, 2014).

[8]Def.'s Mot. forPostconviction Relief, *State v. Hall*, No. 1011006903A, Docket No. 67 (April 21, 2014).

[9] Order, *State v. Hall*, No. 1011006903A, Docket No. 66 (June 30, 2014).

[10] Mot. to Withdraw as Counsel, *State v. Hall*, No. 1011006903A, Docket No. 76 (Nov. 19, 2014).

[11]Def.'s Response, *State v. Hall*, No. 1011006903A, Docket No. 77 (Dec. 12, 2014).

[12] State's Response, *State v. Hall*, No. 1011006903A, Docket No. 79 (May 4, 2015).

[13] Letter, *State v. Hall*, No. 1011006903A, Docket No. 80 (Aug. 28, 2015).

[14]Def.'s Response, *State v. Hall*, No. 1011006903A, Docket No. 81 (Oct. 2, 2015).

person prohibited from possessing a firearm due to a 2007 felony conviction for the charge of Possession with Intent to Deliver Heroin.

## III. DISCUSSION

### A. Procedural Bars

Before addressing the merits of Defendant's claims, the Court must apply the procedural bars set forth in Superior Court Criminal Rule 61(i) in effect at the time the motion was filed.[15] Pursuant to Rule 61, this Court must reject a motion for postconviction relief if it is procedurally barred. That Rule provides that a motion is procedurally barred if the motion is untimely, repetitive, a procedural default exists, or the claim has been formerly adjudicated.[16] Rule 61(i)(1) provides that a motion for postconviction relief is time barred when it is filed more than one year after the conviction has become final or one year after a retroactively applied right has been newly recognized by the United States Supreme Court or by the Delaware Supreme Court.[17] Rule 61(i)(2) provides that a motion is repetitive if the defendant has already filed a Motion for Postconviction Relief and that a claim is waived if the defendant has failed to raise it during a prior postconviction proceeding, unless "consideration of the claim is warranted in the interest of justice."[18] Rule 61(i)(3) bars consideration of any claim "not asserted in the proceedings leading to the conviction" unless the petitioner can show "cause for relief from the procedural default" and "prejudice form violation of the movant's rights."[19] Rule 61(i)(4) provides that any claim that has been adjudicated "in the proceedings leading to the judgment of conviction, in an appeal,

---

[15]*Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[16]*See* Super. Ct. Crim. R. 61(i)(1)-(4).
[17] Super. Ct. Crim. R. 61(i)(1).
[18] Super. Ct. Crim. R. 61(i)(2).
[19] Super. Ct. Crim. R. 61(i)(3).

4

in a postconviction proceeding, or in a federal habeas corpus proceedings" is barred "unless reconsideration of the claim is warranted in the interest of justice."[20]

If a procedural bar exists, the Court will not consider the merits of Defendant's postconviction claim unless Defendant can show that the exception found in Rule 61(i)(5) applies.[21] Rule 61(i)(5) provides that the procedural bars can be overcome if Defendant makes out a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[22]

Defendant's Motion for Postconviction relief is procedurally barred. Rule 61(i)(1) provides that a motion is time barred if it is filed more than one year after the date the conviction became final or the date a retroactively applicable right is newly recognized.[23] Defendant has failed to identify a retroactively applicable right that has been newly recognized that would render his conviction invalid, so that exception is inapplicable. Rule 61(m) provides that a "judgment of conviction is final for the purposes of this rule . . . when the Supreme Court issues a mandate or order finally determining the case on direct review."[24] The Delaware Supreme Court affirmed the Defendant's conviction on March 12, 2013. Defendant filed the instant motion on April 21, 2014, more than one year after his conviction became final.

Defendant's claim of prosecutorial misconduct is also procedurally barred. Rule 61(i)(3) states that "[a]ny ground for relief that was not asserted in the proceedings leading to the judge of conviction, as required by the rules of this court, is thereafter barred."[25] Defendant failed to

---

[20] Super. Ct. Crim. R. 61(i)(4).
[21] *See* Super. Ct. Crim. R. 61(i)(5).
[22] *Id.*
[23] Super. Ct. Crim. R. 61(i)(1).
[24] Super. Ct. Crim. R. 61(m)(2).
[25] Super. Ct. Crim. R. 61(i)(3).

raise claims of prosecutorial misconduct in his direct appeal to the Delaware Supreme Court and therefore it is procedurally defaulted.[26] Defendant's claim is also conclusory because he fails to identify what comments were objectionable, why they would be improper, and how he was prejudiced by them.[27]

Finally, Defendant has failed to provide any basis, and the record is devoid of any, that would permit this Court to consider whether any exception to the procedural bars would apply. Therefore, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**. Having determined Defendant's Motion for Postconviction Relief is procedurally barred, Conflict Counsel's Motion to Withdraw is **GRANTED**.

### B. Defendant's Claims

Although the Court need not address the merits of Defendant's postconviction claims because they are procedurally barred, the Court willbriefly discuss Defendant's ineffective assistance of counsel claims.

Defendant's first claim, that his attorney was ineffective for advising him to waive a trial is without merit. To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defendant.[28]

In the context of a waiver of the right to trial by jury, "the defendant bears the burden of proving that his counsel was unreasonable and whether counsel's deficiency prejudiced defendant's waiver of a trial by jury."[29] If trial counsel is deficient in explaining to a defendant their right to a jury trial and the consequences of waiving that right, trial counsel's deficiency can

---

[26]Felton v. State, 2008 WL 308231, at *1 (Del. Feb. 1, 2008) ("[B]ecuase Felton's claim of prosecutorial misconduct was not raised in his direct appeal, it is procedurally defaulted.") (citing Super. Ct. Crim. Rule 61(i)(3)).

[27] Conclusory allegations are insufficient to establish a claim of ineffective assistance of counsel. *See Younger v. State*, 580 A.2d 552, 555 (Del. 1990).

[28]*Strickland v. Washington*, 446 U.S. 668, 687 (1984).

[29]*State v. Taye*, 2014 WL 785033, at *3 (Del. Super. Feb. 26, 2014).

6

be cured by the Court through a colloquy.[30]  In order for a defendant to waive his right to a jury trial, the waiver must be an intelligent and voluntary waiver in writing.[31]  The waiver of the right to a jury trial is considered intelligent and voluntary when defendant is aware of the nature of the right and the implications of choosing to waive that right, which may be established when the Court engages the defendant in a colloquy.[32]

The Court engaged Defendant in a thorough colloquy regarding his decision to sever the charges and to waive a jury trial on the two counts of PFBPP.[33] The record reflects that Defendant was aware of the nature of the right to have the issues heard at once and to have a jury trial, the implications of choosing to waive those rights, and that these decisionswere solely Defendant's decision to make.[34]  In addition, Defendant's argument that, but for severing the charges, Defendant would have been found guilty of one less charge of PFBPP is highly speculative. It is quitepossible, had the jury heard Defendant's prior criminal record, they would have found him guilty on all charges. The Court finds that Defendant's decision to sever the charges and waive his right to a jury trial was knowingly and intelligently made.  Even assuming, *arguendo*, that trial counsel's performance was deficient, the Court finds that this deficiency was cured by the Court's thorough colloquy.

---

[30]*State v. Couch*, 2007 WL 987403, at *4 (March 30, 2007).
[31]*Davis v. State*, 809 A.2d 565, 569 (Del. 2002).
[32]*Id.* at 569-72.
[33]The Court asked the Defendant, "[y]ou can choose to have those charges severed and go to trial on them and set for trial at some other time, and I would do that, or you can choose to have the Court try those offenses simultaneously with hearing the evidence of the other offenses in the case and waive your right to jury trial as to those two offenses; do you understand that? . . . Now, your attorney has told me that you're willing to waive your right to jury trial on those two crimes and to have the Court decide whether the evidence is sufficient to determine beyond a reasonable doubt that you committed those two offenses; is that correct?" to which the Defendant responded "[y]es." Trail Transcript Excerpt, *State v. Hall*, No. 1011006903A, Docket No. 58, at *16-17 (May 23, 2012).
[34]Trail Transcript Excerpt, *State v. Hall*, No. 1011006903A, Docket No. 58, at *16-17 (May 23, 2012).

Defendant next argues that he had witnesses that could have attested to the fact that defendant and Bush knew each other.[35]  Defendant further alleges that counsel failed to interview or call witnesses at trial and that because of this, the outcome of the trial was "altered."[36]The record is replete with trial counsel's efforts to identify and locate defense witnesses.[37]  Clearly, trial counsel attempted to do so.  The Court therefore finds that Defendant has failed to establish that his trial counsel's performance was deficient as to this claim, thereby failing to meet the first prong of *Strickland*.[38]Additionally, with the exception of establishing that Bush and Defendant knew each other, Defendant does not elaborate what the witnesses would have said.  The claim is conclusory.[39]

Defendant further argues that the State and victim acknowledged that there were closed circuit cameras at the scene and they captured nothing, and that, had his trial counsel "pursued the fact that the shooting never took place as verified by cameras, the trial would have found severe reasonable doubt . . ."[40]  The record reflects that the jury was aware, in fact, that the closed circuit camera did not show that the event occurred.[41]  Defendant has failed to establish

---

[35]Def.'s Mot. forPostconviction Relief, *State v. Hall*, No. 1011006903A, Docket No. 67 (April 21, 2014).  Of course, it is obvious the victim knew the Defendant as he gave police Defendant's identity by means of the nickname by which he knew him.

[36]Def.'s Mot. forPostconviction Relief, *State v. Hall*, No. 1011006903A, Docket No. 67 (April 21, 2014).

[37]*See* Letter, Exhibit I toMot. to Withdraw as Counsel, *State v. Hall*, No. 1011006903A, Docket No. 76 (Nov. 19, 2014); *see also*Letter, Exhibit J toMot. to Withdraw as Counsel, *State v. Hall*, No. 1011006903A, Docket No. 76 (Nov. 19, 2014); Letter, Exhibit K toMot. to Withdraw as Counsel, *State v. Hall*, No. 1011006903A, Docket No. 76 (Nov. 19, 2014);Letter, Exhibit L to Mot. to Withdraw as Counsel, *State v. Hall*, No. 1011006903A, Docket No. 76 (Nov. 19, 2014).

[38]*See Strickland*, 446 U.S. at 687.

[39] Conclusory allegations are insufficient to establish a claim of ineffective assistance of counsel.  *See Younger*, 580 A.2d at 555.

[40]Def.'s Mot. forPostconviction Relief, *State v. Hall*, No. 1011006903A, Docket No. 67 (April 21, 2014).

[41]*See* Trial Transcript, *State v. Hall*, No. 1011006903A, Docket No. 59, at 175 (May 24, 2012) ("Q: As part of your investigation did you try to determine if any cameras or anything that existed near any of these shootings? A:  Yes, I did . . . None of the cameras captured any of the incidents at all.").

8

that any prejudice could have resulted from this allegation. The Court finds that Defendant has failed to meet the second prong of *Strickland*.[42]

Defendant next argues that the victim's testimony contradicted what was related in the police reports and that if trial counsel had contested the statements, the outcome of the trial would have been different.[43] However, the record reflects that trial counsel vigorously cross-examined the State's witnesses and argued the deficiencies in the State's case.[44] The Court finds not merit in Defendant's argument.

Defendant further argues that trial counsel was ineffective for not reading all the jury instructions.[45]Both the State's attorney and trial counsel at one point acknowledged that they had not had time to review all the proposed jury instructions.[46] However, the record clearly reflects that trial counsel had reviewed the instructions and successfully argued for changes in the instructions prior to charging the jury.[47]Further, Defendant has not claimed how this alleged deficiency prejudiced him in any way.Defendant has failed to establish that trial counsel's performance was deficient and that Defendant was prejudiced, as required by *Strickland*.[48]

Defendant's final argument is that that he "pleaded with counsel to testify on his own behalf and expose victim's lies about not knowing each other and exposing facts that victim and victim's cousin had a grudge against defendant."[49] However, the record reflects that a thorough

---

[42]*See Strickland*, 446 U.S. at 687.

[43]Def.'s Mot. forPostconviction Relief, *State v. Hall*, No. 1011006903A, Docket No. 67 (April 21, 2014).

[44]*See generally* Trial Transcript, *State v. Hall*, No. 1011006903A, Docket No. 59 (May 24, 2012). Trial counsel in closing argument focused his argument on the fact that the sole evidence against the Defendant was the testimony of the victim and the officer's testimony and that, given what counsel contended were significant deficiencies in the creditability of the victim, the evidence was not sufficient to find the Defendant guilty beyond a reasonable doubt. Trial Transcript, *State v. Hall*, No. 1011006903A, Docket No. 59, at *214-222 (May 24, 2012).

[45]Def.'s Mot. forPostconviction Relief, *State v. Hall*, No. 1011006903A, Docket No. 67 (April 21, 2014).

[46] Trial Transcript, *State v. Hall*, No. 1011006903A, Docket No. 59, at *146 (May 24, 2012).

[47] Trial Transcript, *State v. Hall*, No. 1011006903A, Docket No. 59, at *200-02 (May 24, 2012).

[48]*See Strickland*, 446 U.S. at 687.

[49]Def.'s Mot. forPostconviction Relief, *State v. Hall*, No. 1011006903A, Docket No. 67 (April 21, 2014).

colloquy was conducted by the Court with the Defendant regarding testifying at trial. The Defendant acknowledged that it was his decision alone not to testify.[50] This claim has no merit.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED** and Conflict Counsel's Motion to Withdraw is **GRANTED**. Conflict Counsel has a continuing duty, which is limited to notifying the Defendant of the Court's ruling and advising the Defendant of the right to appeal, the rules for filing a timely notice of appeal, and that it is the Defendant's burden to file a notice of appeal if desired.

**IT IS SO ORDERED.**



**M. Jane Brady**
Superior Court Judge

---

[50]*See* Trial Transcript, *State v. Hall*, No. 1011006903A, Docket No. 59, at 202-03 (May 24, 2012).
> THE COURT: Mr. Hall you've had an opportunity to meet with [trial counsel] throughout this process and to prepare with her for this trial. You consulted with her, provided her information, and she has advised you, repeatedly, I have observed throughout the trial, and you have had conversation with her and written notes back and forth, and you have relied a agree deal upon her judgment and experience in how this case has progressed.
> The decision whether or not to testify in a criminal trial, however, is a constitutionally protected right, and it's yours and yours' alone. And while you may rely upon her advice or her assessment of – an evaluation of circumstances and the facts in your case, it is solely your decision to make.
> If you take the stand and testify, the prosecution will have an opportunity to cross examine you, and any prior criminal history that might be admissible to challenge your credibility would be able to be brought out. I don't know if you have that or not, I don't know your prior criminal history.
> If you do not take the stand, the jury will be instructed they cannot hold that against you, and that it is the State's burden to prove all of the elements of these offenses, and you have no obligation to present any evidence or testimony, whatsoever, as part of your defense.
> I'm sure that you have discussed this with [trial counsel].
> THE DEFENDANT: Yes.
> THE COURT: And, as a result of that conversation and my giving you the information I just have, have you made a decision about whether you wish to testify in this case or not?
> THE DEFENDANT: Yes.
> THE COURT: And, what is your decision, sir?
> THE DEFENDANT: Not to.
> THE COURT: you decided not to testify?
> THE DEFENDANT: Yes.

*Id.*