# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **GREGG RICHARDSON,** | ) | |
| | ) | |
| | ) | |
| **Defendant-Below,** | ) | |
| **Appellant** | ) | |
| | ) | |
| v. | ) | **ID No. 1312011420** |
| | ) | |
| | ) | |
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **Plaintiff-Below,** | ) | |
| **Appellee.** | ) | |

On Appeal from the Court of Common Pleas of the State of Delaware
in and for New Castle County

**REMANDED.**

## ORDER

Submitted: August 27, 2015
Decided: September 22, 2015

John R. Garey, Esquire, John R. Garey, P.A., 48 The Green, Dover, DE, Attorney for Appellant.

Kelly L. Breen, Esquire, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 North French Street, Wilmington, DE, Attorney for Appellee.

**WHARTON, J.**

This 22nd day of September, 2015, Defendant-Appellant Gregg Richardson ("Richardson") having appealed to this Court from a conviction in the Court of Common Pleas, and the Court having considered the briefs, oral argument, supplemental memoranda and the record in this case, it appears to the Court that:

1.  Richardson appeals from his conviction in the Court of Common Pleas on the charge of resisting arrest after a bench trial.[1] On appeal he raises three issues. First he challenges the validity of his waiver of his right to a jury trial.[2] Next he challenges the Trial Court's determination that exigent circumstances existed so as permit a warrantless entry into Richardson's home.[3] Finally, he argues that the Trial Court erred when it found that Richardson resisted arrest outside of his home thereby providing the arresting officer with justification to pursue Richardson into his home.[4]

2.  On December 18, 2013, Richardson was arrested and charged with resisting arrest in violation of 11 *Del. C.* § 1257(b).[5] At arraignment in the Court of Common Pleas on March 21, 2014 Richardson pled not guilty and demanded a trial by jury.[6] Subsequently, by letter received June 12, 2014, Richardson's trial

---

[1] Del. Const. Art. IV, § 28; 11 *Del. C.* § 5301(c).
[2] Op. Br. at 9.
[3] *Id.* at 11.
[4] *Id.* at 15.
[5] *State v. Richardson,* 2014 WL 4161419, at *1 (Del. Com. P1., Aug. 21, 2104) (Decision After Trial).
[6] App. to Answering Br. at A-5.

attorney[7] purported to waive Richardson's right to a jury trial on his behalf.[8] On the day of trial, July 7, 2014, Richardson executed what appears to be a standard form used by the Court of Common Pleas titled "WAIVER OF TRIAL BY JURY."[9] The text reads:

> The above named Defendant does hereby acknowledge receipt of the Information, waives the right to trial by jury, and elects to be tried by the Court of Common Pleas for the State of Delaware in and for NC County.[10]

3. On the day of trial, Richardson moved "to suppress the arrest in this case for failure of the State to obtain a warrant."[11] The Trial Court held a hearing on the suppression motion, reserved decision, and pursuant to the parties' stipulation entered the testimony from the hearing as evidence for the trial.[12]

4. The trial court, in a written decision found that the arresting officer's entry into the home and arrest of Richardson was not unconstitutional and denied the motion to suppress.[13] The Trial Court further found that Richardson resisted arrest and entered a guilty verdict.[14] Richardson appealed. After briefing and oral argument, at the Court's request the parties submitted simultaneous supplemental memoranda on Richardson's jury trial waiver issue.

---

[7] Richardson's trial attorney is not his attorney on appeal.
[8] App. to Answering Br. at A-5.
[9] *Id.* at A-4.
[10] *Id.*
[11] Mot. to Suppress.
[12] *Richardson*, 2014 WL 4161419, at *1.
[13] *Id.* at *1,2.
[14] *Id.* at *2.

5. The Superior Court is authorized to consider appeals from the Court of Common Pleas in criminal matters.[15] When addressing appeals from the Court of Common Pleas, the Superior Court acts as an intermediate appellate court, with the same function as that of the Supreme Court.[16]

6. When a claim of error is not raised below, this Court generally reviews that claim for plain error.[17] Richardson urges the Court to apply this standard to the jury trial waiver issue.[18] The State, on the other hand, asks the Court to review the issue *de novo* because the claimed error is of constitutional dimension.[19] In his Opening Brief, Richardson claims that he did not validly waive his Sixth Amendment constitutional right to a jury trial.[20] Because Richardson alleges a constitutional error, the review is *de novo*.[21]

7. In his Opening Brief, Richardson asserted that he did not validly waive his right to a jury trial because the letter from his trial attorney was insufficient to waive his jury trial right and that the trial court did not engage in a colloquy with him to ascertain whether his waiver was intelligent and voluntary.[22] In its Answering Brief, the State correctly pointed out that Richardson had, in fact,

---

[15] 11 *Del. C.* § 5301(c).
[16] *Fiori v. State,* 2004 WL 1284205, at *1 (Del. Super. Ct., May 26, 2004) (citing *State v. Richards* 1998 WL 732960 (Del. Super. Ct., May 28, 1998).
[17] *Wainwright v. State,* 504 A.2d 1096, 1100 (Del. 1986).
[18] Def.'s Supp. Mem. at 1.
[19] State's Supp. Mem. at 2.
[20] Op. Br. at 9.
[21] *Johnson v. State,* 878 A.2d 422, 425 (Del. 2005).
[22] Op. Br. at 9.

executed a written waiver of his right to a jury trial prior to trial.[23] Richardson did not respond to the State's correct citation to his written waiver, or to the jury trial waiver issue at all for that matter in his Reply Brief.[24] At oral argument, Richardson's attorney conceded that Richardson had executed a written waiver,[25] but maintained that the absence of a colloquy alone invalidated the purported waiver.

8. Court of Common Pleas Criminal Rules provide that cases required to be tried by a jury shall be tried by a jury unless the defendant waives a jury trial in writing with the approval of the Court and the consent of the State.[26] An accused in the Court of Common Pleas has the right to a petit jury in all criminal cases except as otherwise provided by statute.[27]

9. The Delaware Supreme Court spoke extensively on the question of jury trial waivers in *Davis v. State.*[28] First, a defendant must make an "'intelligent and voluntary waiver in writing.'"[29] Such a waiver of a constitutional right generally will be intelligent and voluntary if the defendant is aware of the right and the

---

[23] Ans. Br. at 9; Ans. App. B.
[24] *See,* Rep. Br.
[25] Richardson's attorney apologized for his mistaken belief that Richardson had not signed a written waiver himself.
[26] Ct. Comm. Pl. Crim. R. 23(a).
[27] 11 Del. C. § 5301(a).
[28] 809 A.2d 565 (Del. 2002).
[29] *Id.* at 569, quoting *Polk v. State,* 567 A.2d 1290, 1295 (Del. 1989).

consequences of waiving the right.[30]  In determining whether the waiver has been intelligent and voluntary, the Court looks to the "'totality of the circumstances surrounding the particular case, including the background, experience and conduct of the accused.'"[31]

10.  The defendant has the burden of proving that he did not exercise a valid waiver of his right to a jury trial.[32]  The defendant carries that burden "'not as a matter of speculation but as a demonstrable reality.'"[33]

11.  The record here is silent as to any express consent to a bench trial by the State.  Nevertheless, the Court concludes that the State at least implicitly consented to the waiver, because it proceeded to trial on the basis that a jury trial had been waived.

12. Next, and in the context of the purported waiver here, most importantly, the Court turns to the manner in which the Trial Court approved the waiver.  The Court is guided by the words of the United States Supreme Court in *Patton v. United States*[34] and approved by the Delaware Supreme Court in *Fetters v. State*,[35]

---

[30] *Id.,* citing *Lewis v. State,* 567 A.2d 709, 714-15 (del. 2000) (quoting *Brady v. United States,* 397 U.S. 742, 748 (1970)).

[31] *Id.* at 569-70, quoting *Mealey v. State,* 347 A.2d 651,652 (Del. 1975) (citing *Johnson v. Zerbst,* 304 U.S. 458, 464 (1970)).

[32] *Id.* at 570, citing *Adams v. United States ex rel. McCann,* 317, U.S. 269, 281; *United States v. Libretti*, 38 F.3d 523, 530 (10th Cir. 1994), *aff'd,* 516 U.S. 29 (1995); *United states v. Robinson*, 8 F.3d 418, 422 (7th Cir. 1983).

[33] *Id.,* quoting *Adams v. United States ex rel. McCann,* 317 U.S. at 281.

[34] 281 U.S. 276 (1930).

[35] 436 A.2d 796 (Del. 1981).

Trial by jury is the normal and … preferable mode of disposing of issues of fact in criminal cases … (T)he maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of the government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And **the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion,** with an eye to avoid unreasonable or undue departure from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offense dealt with increases in gravity (emphasis added).[36]

13.   It is clear that a trial court is required to exercise its discretion in determining whether to accept or reject a defendant's attempt to waive a jury trial. In exercising that discretion, the Delaware Supreme Court plainly stated in *Davis* that the preferred method of ascertaining whether a defendant is making a voluntary and intelligent waiver of an important constitutional right is a jury trial waiver-colloquy as opposed to the "mere acceptance of a defendant's written jury trial waiver."[37]

14.   It is apparent that the Trial Court did not exercise any meaningful discretion in proceeding with a bench trial, but rather accepted Richardson's waiver as a "mere matter of rote" and merely accepted Richardson's written jury trial waiver.  Further, because Richardson has not provided either this Court or the

---

[36] *Patton  v. United States*, 281 U.S. at 312; *Fetters v. State*, 436 A.2d at 798.
[37] 809 A.2d at 570.

7

Court of Common Pleas with any evidence that his waiver of his right to a jury trial was factually involuntary, this Court is left without any factual record upon which to decide *de novo* whether Richardson's jury trial waiver was invalid.

15. Accordingly, the matter is **REMANDED** to the Court of Common Pleas with directions to conduct such a hearing as may be necessary for the Court of Common Pleas to determine whether the Richardson's purported waiver of trial by jury was made intelligently and voluntarily with knowledge of the right being waived and the consequences of waiving that right.[38] Jurisdiction is retained and the matter shall be returned from remand within 60 days of the date of this Order. **IT IS SO ORDERED.**

_____
/s/ Ferris W. Wharton, Judge

---

[38] *See, Davis,* 809 A.2d at 569-573.