**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀ID No. 1210015494
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
MARVIN HOLMES,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendant.⠀⠀⠀⠀)

Date Submitted: August 3, 2015
Date Decided: November 3, 2015

*Upon Defendant's Pro Se Motion for Postconviction Relief*:⠀**DENIED.**

**Jurden, P.J.**

# I.  INTRODUCTION

Before the Court is Marvin Holmes' *pro se* Motion for Postconviction Relief filed pursuant to Superior Court Criminal Rule 61.  For the following reasons, the Motion is **DENIED.**

# II.  BACKGROUND

On December 3, 2012, a grand jury indicted Marvin Holmes on a single count of Escape in the Second Degree under 11 *Del. C.* § 1252.  The State dismissed the charge of Escape in the Second Degree, and a grand jury re-indicted Holmes on a single count of Escape After Conviction under 11 *Del. C.* § 1253 on April 15, 2013.

Prior to trial, Holmes filed a *pro se* Motion for Change of Venue because he had pending lawsuits against the New Castle County Superior Court, Public Defender's Office, and Attorney General's Office.[1]  Holmes also moved to proceed *pro se*.[2]  On August 5, 2013, the Court denied the Motion for Change of Venue, granted Holmes' Motion to Proceed *Pro Se*, and appointed his public defender as standby counsel.[3]

A jury trial was held on August 15, 2013, and the jury found Holmes guilty based on the following evidence.  In October 2012, Holmes was serving a Level 4

---

[1] D.I. 12.
[2] D.I. 15, 16.  Holmes moved to proceed *pro se* at case review.
[3] D.I. 15, 16.

work release sentence at the Plummer Community Corrections Center ("Plummer Center") after a violation of probation ("VOP").[4]  On October 22, 2012, Holmes received a half day pass to leave the Plummer Center,  and Holmes did not return.[5]  Approximately four months later, in February 2013, the United States Marshal Service detained Holmes in Philadelphia and returned him to the Plummer Center.[6]

After trial, Holmes filed a Motion to Dismiss asserting the same argument he made in his Motion for Change of Venue.[7]  On September 11, 2013, the Court denied the Motion to Dismiss holding, "[t]here is no basis in law or fact justifying a dismissal of the charges or a change in venue."[8]

On October 18, 2013, the Court declared Holmes a habitual offender pursuant to 11 *Del. C.* § 4214(a) and sentenced him to eight years at Level 5.[9]  On direct appeal to the Delaware Supreme Court, Holmes raised nine issues, which the Supreme Court summarized as follows:

> (i) he was justified in failing to return to Plummer [Center] because the State falsely accused him of attempted rape and strangulation in another matter, which caused him to suffer at Plummer [Center] and to be publicly attacked on the street; (ii) his rights were violated at a May 24, 2012 VOP hearing; (iii) the circumstances surrounding his 2011 guilty plea to the aggravated menacing conviction underlying his VOP were unfair; (iv) he received ineffective assistance of counsel; (v) he was subjected to vindictive prosecution; (vi) the trial court

---

[4] *Holmes v. State*, 2014 WL 3559686, ¶ 2 (Del. 2014).
[5] *Id.*
[6] *Id.*
[7] D.I. 21.
[8] D.I. 22.
[9] D.I. 20, 23, 25.

erred by refusing to admit certain documents into evidence; (vii) he has been subjected to double jeopardy; (viii) his actions did not satisfy the standard for escape after conviction; and (ix) he was denied a fair trial.[10]

The Supreme Court issued an order affirming the judgment of the Superior Court, finding no merit to Holmes' claims.[11]

## III.  DISCUSSION

On July 20, 2015, Holmes timely filed the instant *pro se* Motion for Postconviction Relief pursuant to Superior Criminal Rule 61 ("Rule 61").[12] Holmes raises twelve grounds for relief: (1) ineffective assistance of counsel; (2) he was denied the right to have a jury of his peers; (3) he was denied the right to choose a judge or jury trial; (4) abuse of power and discretion; (5) prosecutorial misconduct; (6) extraordinary circumstances beyond defendant's control; (7) illegal charge; (8) he was denied the right to change venue; (9) conflict of interest; (10) the re-indictment for escape after conviction did not fit his actions; (11) he did not commit a violent act; and (12) unlawful illegal sentencing.

---

[10] *Holmes*, 2014 WL 3559686, ¶ 3.

[11] *Id.*

[12] D.I. 34, 58, 59. Rule 61(m)(2) states that, if the defendant files a direct appeal, a conviction is final for purposes of postconviction "when the Supreme Court issues a mandate or order finally determining the case on direct review."  The Supreme Court issued the order affirming the judgment of the Superior Court on July 17, 2014.  However, the Supreme Court issued the mandate on August 4, 2014.

Rule 61 governs motions for postconviction relief.[13] Before addressing the merits of any claim for postconviction relief, the Court must first determine whether any of the procedural bars under Rule 61 are applicable.[14] Rule 61(i)(1) provides that a motion for postconviction relief must be filed within one year of a final judgment of conviction.[15] Under Rule 61(i)(2), successive motions are barred unless the motion satisfies the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[16] Rule 61(i)(3) bars consideration of any claim not asserted in the proceedings leading up to the judgment of conviction unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[17] Rule 61(i)(4) provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[18] If a procedural defect exists, the Court

---

[13] Super. Ct. Crim. R. 61.
[14] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[15] Super. Ct. Crim. R. 61(i)(1).
[16] Super. Ct. Crim. R. 61(i)(2). Rule 61(d)(2) provides: "A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid."
[17] Super. Ct. Crim. R. 61(i)(3).
[18] Super. Ct. Crim. R. 61(i)(4).

may consider the merits of the claim if the defendant can show that an exception found in Rule 61(i)(5) applies.[19]

**Ground One:**

Holmes' first ground for relief is premised on ineffective assistance of counsel. First, Holmes alleges that prior to proceeding *pro se* he was denied effective assistance of counsel. Second, Holmes asserts that his *pro se* representation constituted ineffective assistance of counsel because he made mistakes at trial that a competent lawyer would not have made.

To prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-prong test of *Strickland v. Washington*[20] by showing that: (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different.[21] "Mere allegations of ineffectiveness will not suffice. A defendant must make specific allegations of actual prejudice and substantiate them."[22]

Holmes' first allegation of ineffective assistance of counsel alleges that his public defender refused to file a motion to dismiss, a motion to move venue, and a

---

[19] Super. Ct. Crim. R. 61(i)(5) ("The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").

[20] 466 U.S. 668 (1984).

[21] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996) (citing *Strickland*, 466 U.S. 668).

[22] *Id.* at 1356 (citing *Younger*, 580 A.2d at 555–56).

motion for vindictive prosecutor, and, but for these unprofessional errors, the result of the proceedings would have been different. This claim is wholly conclusory and fails to satisfy either prong of *Strickland*.

Next, Holmes argues that he received ineffective assistance of counsel at trial because he was *pro se* and made mistakes a lawyer would not have made. Holmes also asserts that his standby counsel was ineffective because he offered no advice to Holmes at trial. These arguments are wholly without merit. The record reflects that Holmes knowingly, intelligently, and voluntarily waived his right to counsel and elected to proceed *pro se*. On August 5, 2013, Holmes signed a waiver of counsel form, and prior to granting Holmes' Motion to Proceed *Pro Se*, this Court conducted a thorough colloquy with Holmes discussing the inherent risks in proceeding to trial without counsel.[23] The Court granted Holmes' Motion to Proceed *Pro Se* and appointed his public defender as standby counsel.[24]

Because Holmes waived his constitutional right to counsel and exercised his constitutional right to represent himself, he cannot now argue that his *pro se* representation was deficient.[25] Further, to the extent Holmes argues that his standby counsel was ineffective because he did not help Holmes at trial, "[t]here is

---

[23] D.I. 15, 16.
[24] *Id.*
[25] *State v. Tatum*, 2008 WL 2601390, at *1 (Del. Super. 2008) ("Before discussing the merits of Defendant's claim, it is important to note that generally such a claim by a *pro se* litigant would be summarily dismissed as being without merit since one cannot make the decision to represent himself and then request a new trial arguing that he had not performed up to the standards of a trained lawyer.").

7

no right to standby counsel."[26] Holmes voluntarily waived his right to counsel and elected to proceed *pro se* and, therefore, Holmes "cannot now claim that his standby counsel provided constitutionally ineffective assistance."[27] Accordingly, Holmes' ineffective assistance of counsel claims are meritless.

**Ground Two:**

In ground two, Holmes asserts that he was denied the right to have a jury of his peers because he is a "black man" and the jury consisted of "eleven white women and one white male." This claim is procedurally barred by Rule 61(i)(3). Holmes failed to raise this claim during trial or on appeal, and Holmes has not established "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."

Even if not procedurally barred, this claim is meritless. "The accused's right to be tried by a jury of his or her peers is fundamental to the criminal justice system in America. An essential ingredient of that right is for the jury panel to be comprised of impartial or indifferent jurors."[28] Holmes, however, has not alleged any facts indicating that the jury was not made up of impartial or indifferent jurors representing a cross-section of the community.[29] Furthermore, Holmes makes no

---

[26] *Hicks v. State*, 434 A.2d 377, 380 (Del. 1981).

[27] *Evans v. State*, 985 A.2d 390 (Del. 2009).

[28] *Banther v. State*, 823 A.2d 467, 481 (Del. 2003) ("Both the Sixth Amendment to the United States Constitution and Article I, § 7 of the Delaware Constitution guarantee a defendant in a criminal proceeding the right to a fair trial by an impartial jury.").

[29] *State v. Drummond*, 2011 WL 2791276, at *1 (Del. Super. 2011).

particularized allegation that the prosecution challenged potential jurors in a racially discriminatory manner.[30] Thus, this allegation is meritless and procedurally barred by Rule 61(i)(3).

**Ground 3:**

Next, Holmes argues that he was "denied the right to choose a judge or jury trial" because his appointed counsel demanded a jury trial without his consent and without his signature. This claim is also procedurally barred by Rule 61(i)(3). Holmes did not raise this issue in the proceedings leading to the judgment of conviction, and Holmes has not established "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."

Moreover, even if not procedurally barred by Rule 61(i)(3), this claim is nevertheless meritless. "Both the United States and Delaware Constitutions guarantee a criminal defendant the right to trial by jury."[31] However, a defendant "is not constitutionally guaranteed the right to waive a trial by jury."[32] For a defendant to waive his or her right to a jury trial, "the defendant must make an 'intelligent and voluntary waiver in writing.'"[33] "That waiver becomes effective only when the defendant receives both the approval of the court *and* the consent of

---

[30] *See Batson v. Kentucky*, 476 U.S. 79 (1986).
[31] *Davis v. State*, 809 A.2d 565, 568 (Del. 2002).
[32] *Id.*
[33] *Id.* at 569 (citing Super. Ct. Rule 23(a)).

9

the State."[34] "[A] defendant does not have a constitutional right to insist on trial by judge alone,"[35] and Holmes never expressed a desire to waive the right to a trial by jury. Accordingly, ground three is meritless and barred by Rule 61(i)(3).

**Ground 4:**

Holmes next argues that the Court abused its power and discretion by refusing to allow Holmes to call his standby counsel as a witness. Specifically, Holmes argues that he wanted to ask his standby counsel whether the prosecutor stated that she wanted Holmes "nailed to the wall." This ground for relief is barred by Rule 61(i)(4) as formerly adjudicated because Holmes raised the same argument on direct appeal. Holmes argued on appeal that he was denied a fair trial because the Court precluded him from calling his standby counsel to testify about whether the prosecutor stated that she wanted Homes "nailed to the wall."[36] The Supreme Court held that "[t]he trial judge [ ] did not err in finding that the prosecutor's alleged statements to Holmes' counsel were irrelevant."[37] Accordingly, ground four is procedurally barred pursuant to Rule 61(i)(4).

---

[34] *Id.* (emphasis added) (internal quotations omitted). *See* Super. Ct. Rule 23(a) ("Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the state."

[35] *Deshields v. State*, 706 A.2d 502, 508 (Del. 1998) ("The United States Supreme Court has determined, however, that a defendant does not have a constitutional right to insist on trial by judge alone." (citing *Singer v. United States*, 380 U.S. 24 (1965))); Super. Ct. Rule 23(a) ("Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the state.").

[36] *Holmes*, 2014 WL 3559686, ¶14.

[37] *Id.*

**Ground Five:**

Holmes' claim of "prosecutorial misconduct" is also barred by Rule 61(i)(4). This claim relates to the May 24, 2014 VOP hearing (in which Holmes was sentenced to time at the Plummer Center) and the State's decision to charge Holmes with Escape After Conviction. On appeal, Holmes raised the same argument, asserting that his rights were violated at the May 24, 2012 VOP hearing.[38] Holmes did not appeal the VOP sentence or file a motion for postconviction relief, and the Supreme Court held that Holmes could not use his direct appeal of his conviction for Escape After Conviction to challenge the May 24, 2014 VOP or to challenge his 2011 conviction for aggravated menacing (the conviction underlying his VOP).[39] Holmes also argued on appeal that he was subject to "vindictive prosecution" based on the State's decision to charge him with Escape After Conviction.[40] The Supreme Court found this argument meritless as well.[41]

This Court will not revisit Holmes' repetitive (and previously rejected) arguments now cloaked as a claim of "prosecutorial misconduct." Accordingly, Holmes' claim of prosecutorial misconduct is procedurally barred by Rule 61(i)(4).

---

[38] *Id.* ¶ 6.
[39] *Id.*
[40] *Id.* ¶ 8.
[41] *Id.* ("The record reflects there was probable cause to charge Holmes with escape after conviction.").

**Ground Six:**

Holmes' sixth ground for relief states that he did not to return to the Plummer Center because of extraordinary circumstances beyond his control. This claim relates to attempted rape and strangulation charges brought against Holmes in a different case, which the State ultimately dismissed.[42] According to Holmes, the State's decision to charge Holmes with attempted rape and strangulation ruined his life and was the reason he had to flee and not return to the Plummer Center.

On appeal, Holmes argued that he was justified in failing to return to the Plummer Center because the State falsely accused him of attempted rape and strangulation in another matter. The Supreme Court held that "Holmes could not have raised a justification defense as a matter of law . . . . "[43] Accordingly, this claim is barred by Rule 61(i)(4) as formerly adjudicated.

**Ground Seven:**

In ground seven, Holmes asserts that he was illegally charged with Escape After Conviction because a VOP is not a conviction for purposes of Escape After Conviction under 11 *Del. C.* § 1253. This claim is barred by Rule 61(i)(4) as formerly adjudicated. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision of whether

---

[42] *Id.* ¶ 4.
[43] *Id.* ¶¶ 3–5. The Supreme Court specifically noted, "Holmes' conclusory and unsubstantiated contentions do not satisfy [the] standard" for a justification defense. *Id.* ¶5.

or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."[44]  On appeal, the Supreme Court held that "[t]he record reflects there was probable cause to charge Holmes with escape after conviction."[45]

Assuming *arguendo* that Holmes' claim he was "illegally charged" is not procedurally barred, the claim is without merit.[46]  Pursuant to 11 *Del. C.* § 1253, a person is guilty of Escape After Conviction "if such person, after entering a plea of guilty or having been convicted by the court, escapes from a detention facility or other place having custody of such person or from the custody of the Department of Health and Social Services or the Department of Correction."[47]  At the time Holmes failed to return to the Plummer Center, Holmes was serving a sentence after a violation of probation.  "The reality that [Holmes] was serving that sentence at [the] Plummer [Center] because of a VOP does not mean that Holmes was not in

---

[44] *Albury v. State*, 551 A.2d 53, 61 (Del. 1988); *Holmes*, 2014 WL 3559686, ¶ 8.

[45] *Holmes*, 2014 WL 3559686, ¶ 8. During jury selection Holmes also filed a Motion to Dismiss asserting that he could not be charged with escape after conviction because a VOP is not a conviction. Jury Selection Trial Transcript, at 11–17 (D.I. 31). This Court denied Holmes' motion because he was serving a sentence at the Plummer Center after being found in violation of his probation. *Id.*

[46] On appeal, the Supreme Court noted that Holmes' primary defense at trial was that a VOP was not a conviction for purposes of Escape After Conviction. *Holmes*, 2014 WL 3559686, ¶ 4 n.2. The Supreme Court, however, held that Holmes' waived this argument because he failed to make the argument on appeal. *Id.*

[47] *See Gibbs v. State*, 2005 WL 535011, ¶ 15 (Del. 2005).

custody 'after . . . having been convicted.'"[48]  Accordingly, this claim is meritless

and procedurally barred by Rule 61(i)(4).

**Ground Eight:**

In ground eight, Holmes alleges that he was "denied the right to move

venue" because the "entire State of Delaware" saw his picture in connection with

the attempted rape charges that the State dismissed.  This claim is procedurally

barred by Rule 61(i)(3).  Holmes failed to raise this claim during trial or on appeal,

and Holmes has not established "cause for relief from the procedural default" and

"prejudice from violation of the movant's rights."

Even if the claim is not procedurally barred, it is meritless.  The decision to

grant or deny a motion to change venue is a matter of discretion and "[a] change of

venue will be granted only upon a showing of reasonable probability of

prejudice."[49]  "[A] motion for a change of venue generally will not be granted as a

matter of law absent other evidence evincing the impossibility of [impaneling] an

impartial jury."[50]  Holmes has provided no evidence showing the impossibility of

---

[48] *Holmes*, 2014 WL 3559686, ¶ 10.

[49] *Riley v. State*, 496 A.2d 997, 1014 (Del. 1985).  In *Riley*, the Delaware Supreme Court explained, "[t]o make such a showing, a defendant must present evidence of highly inflammatory or sensationalized pre-trial publicity sufficient for the court to presume prejudice if it finds the publicity to be inherently prejudicial. Short of such a showing, defendant must demonstrate actual prejudice through *voir dire*." *Id.* at 1014–15.

[50] *McBride v. State*, 477 A.2d 174, 183 (Del. 1984). Superior Court Criminal Rule 21(a) provides: "The court upon motion of the defendant shall transfer the proceeding as to that defendant to another county whether or not such county is specified in the defendant's motion if the court is satisfied that there exists in the county where the prosecution is pending a reasonable

seating an impartial jury. Rather, Holmes merely states that because one potential juror admitted "she could not be fair," there were other jurors who also knew about the rape charges but did not say anything.[51]

**Ground Nine:**

In ground nine, Holmes alleges there were conflicts of interest rendering his trial unfair because Holmes had pending lawsuits against the New Castle County Superior Court, Public Defender's Office, and Attorney General's Office. This argument is identical to the argument in Holmes' Motion for Change of Venue[52] and Motion to Dismiss,[53] and is, therefore, procedurally barred by Rule 61(i)(4).

**Grounds Ten and Eleven:**

Grounds ten and eleven are likewise barred by Rule 61(i)(4). In ground ten, Holmes argues that the re-indictment did not "fit his actions" because a VOP is not a conviction and that he did not "escape" because he was given a pass. In ground eleven, Holmes argues that he is not guilty o f escape after conviction because he did not commit any violence in his escape.

---

probability of so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial in that county."

[51] On appeal, Holmes also claimed he was denied a fair trial because members of the jury pool admitted to seeing him on television in connection with the rape charge. *Holmes*, 2014 WL 3559686, ¶ 14. The Supreme Court specifically stated, "[t]he transcript of the jury selection does not support Holmes' contention that members of the jury pool admitted to seeing him on television for the rape charge. The transcript only reflects that one potential juror said Holmes looked familiar to her, without explaining why, and another potential juror said she had previously worked with Holmes. Both potential jurors were dismissed from the jury pool." *Id.*

[52] D.I. 12.

[53] D.I. 21.

The Court will not revisit Holmes' repetitive arguments that have already been considered and rejected. On direct appeal, Holmes argued, "he was not guilty of escape after conviction because he had permission to leave Plummer, he did not plan to escape, and he did not commit any violence in his escape."[54] The Supreme Court specifically held:

> Contrary to Holmes' suggestion, Section 1253 is not limited to defendants who escape prison by force. Section 1253 also applies to defendants like Holmes who fail to return to custody. At trial, Holmes testified that he was in custody for a VOP at Plummer, he knew he was supposed to return on October 22, 2012, and he failed to do so. The elements of Section 1253 were satisfied.[55]

The Supreme Court also held that, to the extent Holmes was challenging the sufficiency of the evidence, "[i]n light of the record, a rational jury could find Holmes guilty beyond a reasonable doubt of escape after conviction."[56] Accordingly, ground ten and ground eleven are procedurally barred by Rule 61(i)(4).

**Ground Twelve:**

Finally, Holmes' assertion that he was illegally sentenced because he was declared a habitual offender for a "technical violation of probation" is barred by Rule 61(i)(3) and is factually inaccurate. Holmes was not declared a habitual

---

[54] *Holmes*, 2014 WL 3559686, ¶ 12.
[55] *Id.*
[56] *Id.* ¶ 13.

offender pursuant to 11 *Del. C.* 4214(a) for a Violation of Probation.[57] Holmes was sentenced as a habitual offender for the offense of Escape After Conviction based on the following convictions: Aggravated Menacing;[58] Robbery First Degree;[59] and Robbery First Degree.[60]

## IV. CONCLUSION

Holmes' allegations of ineffective assistance of counsel are meritless and do not satisfy either prong of *Strickland*. Having determined that the remaining claims are all meritless and procedurally barred by Rule 61(i)(3) or Rule 61(i)(4), the Court further finds that the exceptions enumerated in Rule 61(i)(5) do not apply.

For the foregoing reasons, the Defendant's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge

---

[57] D.I. 20, 23, 25.
[58] IN11-06-1112 (Case No. 1105026213).
[59] IN97010301 (Case No. 9612013346).
[60] IN92-07-1048 (Case No. 92006450DI).